**SO ORDERED.**

**SIGNED this 19 day of November, 2010.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

In re:

Katrina Dozier,                                             No. 05-17911
                                                            Ch. 13

      DEBTOR.

APPEARANCES:

    W. Lloyd Stanley, Jr., Chattanooga, Tennessee, Attorney for the Debtor

    Gary E. Lester, Mayfield & Lester, Attorney for Blazer Financial Services

Shelley D. Rucker, United States Bankruptcy Judge

**Memorandum**

**FACTS**

    The Chapter 13 case of Katrina Dozier was filed on November  10, 2005, after the effective

date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.[1] She listed Blazer

Financial Services, Inc.("Blazer"), 2500 Memorial Ave. Suite 107, Lynchburg, VA 24501 in Schedule F as

an unsecured creditor with a claim of $805.00. The same address was listed on the Verified Creditors

Matrix.  On November 14, 2005, the notice of the meeting of creditors was sent to Blazer at the

address listed in the matrix .  Doc. No. 15.   The notice also provided that the deadline for filing claims

was March 28, 2006.   On November 23, 2005, the debtor's attorney amended Schedule F to reflect

that the debtor did not know Blazer's address. Doc. No. 20. At the suggestion of the bankruptcy court

clerk's office, the debtor amended Schedule F a second time to remove Blazer from the matrix on

November 29, 2005. Doc. No. 21.

The plan was confirmed on January 1, 2006. Doc. No. 28. When the order of confirmation was

served, it was not sent to Blazer at all. Doc. No. 32. The confirmed plan provided for unsecured

creditors to be paid on a pro rata basis. The case is now older than 60 months and the distribution to

unsecured creditors, excluding Blazer, is estimated to be 100%.

The bar date for filing claims was March 28, 2006. On August 6, 2010, Blazer filed a claim for

$3,278.26 and listed the address to which notices and checks should be sent as Blazer Financial

Services, c/o Mayfield & Lester, Attorneys, P.O. Box 789, Chattanooga, TN 37401-0789. The claim was

based on a judgment for $3,278.26. There is no copy of the judgment attached;  only an accounting

that shows that a judgment was entered on June 12, 2000, which was revived on July 12, 2010. The

case is reflected as being filed in Hamilton County General Sessions Court, Docket #413890. The claim

---

[1] The debtor and her husband had previously filed a Chapter 13 plan in 2001. Blazer was not
listed as a creditor despite the fact that the bankruptcy case was filed shortly after Blazer obtained a
judgment against the debtor. *In re Kenneth and Katrina Dozier*, Case no. 01-16903 (Bankr. E. D. Tn.
2001). The address listed in that case was 913 W. 39th Street, Chattanooga, TN 37410. Blazer's attorney
in the current case also appeared in the 2001 case on behalf of another creditor. *See* Proof of Claim of
Clark Brothers Furniture, Claim on. 2, Case no. 01-16903. There is no record that Blazer appeared in or
received notice of the 2001 case.

includes court costs of $60.00 and judgment interest of $28.37. No testimony was provided at the hearing about how the claim grew from $805.00 to $3,189.89 before interest and court costs.

The debtor's confirmed plan proposed to pay $210 a week for 36 months for a total of $32,760.  Total claims filed in the case are $84,332.45 of which a substantial portion is her home mortgage and car loan. The total of filed unsecured debts, including the debt owed to Blazer, is $3785.85.  Debtor has been paying into the plan approximately 60 months.

## ISSUES

The debtor argues that the claim was filed after the bar date and is time-barred. Furthermore, she argues that the revival proceeding in state court was a violation of the automatic stay and is, therefore, void, and the statute of limitations to enforce the judgment has passed. In response, Blazer alleges that it did not receive notice of the bankruptcy filing and so should be given an opportunity to file a claim. If it is not given such an opportunity, its claim should not be discharged by the completion of the Chapter 13 plan. Furthermore, relying on 11 U.S.C. §108(c)[2], Blazer argues that it has 30 days after the automatic stay is lifted to obtain a revival; and therefore, its claim is not barred by the

---

[2] 11 U.S.C. § 108(c) provides:

. . . .

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of –

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

statute of limitations.

The issues before the court are:

a. Did Blazer receive notice of the Chapter 13 case?

b. Is the lack of notice the basis for allowing the Blazer claim as a late filed claim?

c. If the claim cannot be allowed, then is there an alternative remedy that can be granted to Blazer?

d. Did Blazer violate the automatic stay by seeking to revive its judgment, and therefore its revival is void?

e. Does the imposition of the  bankruptcy stay toll the time allotted for the revival of a judgment under Tenn. Code Ann. § 28-3-110?[3] If it does not, then the claim is barred under Tennessee law.

## ANALYSIS

The court has jurisdiction over this matter pursuant to 11 U.S.C. 1334 and 157(b). Venue is proper before the court.

### *Notice*

11 U.S.C. § 342(a) requires that notice of an order for relief in a case under Title 11 shall be given as appropriate.  Notice of the bar date for filing claims is specifically required by Fed. R.Bank. P. 2002(a)(7). In addition, that rule requires that notice of the commencement of a consumer case must be sent to the trustee and creditors by mail within 21 days of the filing. Fed.  R. Bankr. P.  2002(o).

---

[3]Tenn. Code Ann. § 28-3-110 provides:

The following actions shall be commenced within ten (10) years after the cause of action accrued:
. . . .
(2) Actions on judgments and decrees of courts of record of this or any other state or government;

What address is to be used comes from other sections of the Bankruptcy Code and Rules. Rule 1007 of the Federal Rules of Bankruptcy Procedure requires that the debtor list the names and addresses of the creditors and verify that the information is correct.   The Code and Rules are silent with respect to which address for the creditor must be provided by the debtor, unless the creditor has contacted the debtor within the 90 days before filing. In that situation, and if there have been two contacts and those contacts have contained an address to which the creditor wants to have correspondence sent, the debtor must use that address. 11 U.S.C. § 342(c)(2)(A). The creditor may also file with the court a request that a particular address be used for all cases in which it has claims. 11 U.S.C. § 342(f). In this case, Blazer had no contact with the debtor in the 90 days before filing nor did it file a notice of address with the court with respect to the address to be used.   The last contact that Blazer had with the debtor was in July of 2000 attempting to follow up on its judgment obtained in June. Blazer's counsel also stipulated that the address used for that letter was 2019 Walker Street, which was incorrect. [4]

The debtor's counsel represented that the Virginia address provided for Blazer came from an internet search by a member of the attorney's staff.  Court mailings in reliance upon that address were returned to the debtor's attorney unclaimed.  That returned mail was the reason for the amended schedules.  Counsel for Blazer stated for the record that Blazer had never had an office at the Virginia address used in the schedules. From these facts, the court can only conclude that Blazer did not receive notice of the filing or the claims bar date as required by the Bankruptcy Code and Rules.

---

[4]The use of the Walker Street address causes the court to wonder if the debtor was properly served when the judgment was obtained or why counsel for Blazer did not pursue the collection for Blazer when he appeared in the debtor's joint 2001 Chapter 13 case on behalf of another creditor, Clark Brothers Furniture. The debtor had listed all of her aliases in the 2001 case, including the name Katrina Worbington which was the name under which Blazer obtained its state court judgment.

*Allowance of Late Filed Claims in Chapter 13's*

The debtor seeks disallowance of Blazer's claim as being late filed. Blazer seeks to have its claim allowed since it was not aware that it needed to file a claim.  In a chapter 11, the court has discretion to excuse a creditor and for cause may extend the deadline for filing claims. Fed. R. Bankr. P. 3003(c)(3). *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507  U.S. 380, 389 (1993).  The court does not have the same discretion to extend the deadline in a Chapter 13. Rule 3002(c) allows the court no discretion to grant an unscheduled creditor an extension of the bar date for filing proofs of claim. Fed. R. Bankr. P. 3002; *In re Windom*,  284 B.R.644, 646-47 (Bankr. E.D.Tenn. 2002).  Some courts have recognized an equity exception to the limitation of Rule 3002 (c) and have permitted the filing and allowance of late-filed claims when notice was deficient and the allowance does not cause any prejudice to the debtor or the other creditors. Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy*, 4th Edition, § 290.1 at ¶ 9.

 In this case, the case should have been completed in 36 months but payments are still being made. The other creditors have received the benefit of Blazer's failure to file a claim and to try to add this creditor at this late date for a pro rata distribution would either force the case into payments well beyond 60 months to pay all creditors 100% or require those creditors who filed timely claims to disgorge some portion of their payments. Neither result was contemplated by the Bankruptcy Code which resolves this tension between the constitutional requirements of due process and notice, and the Chapter 13 debtor's need for finality by excepting unscheduled claims from discharge.

*Alternative Remedies*

Since the Bankruptcy Rules do not provided for extending the deadline and even the equitable exception is not available, the only option for the parties is the debtor to modify the plan to extend the payments to pay Blazer the same percentage as the other creditors.  The debtor announced her

preferred course of action at the hearing to be to complete the plan without the Blazer claim and

Blazer consented. She has been in a chapter 13 plan for nine of the last ten years between her joint

case with her former husband and the case before the court. She is ready to be finished with Chapter

13 and willing to take a chance with her debt to Blazer. Since notice to Blazer was not adequate, the

claim will not be discharged upon completion of the plan.

### Void Revival

The debtor had also raised the question that the revival of the judgment was void because it

was done postpetition. The court finds that the revival is void as a violation of the automatic stay.

*Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993).

### Tolling of the Statute of Limitations

Although the existing revival is void, the deadline for the creditor to revive its judgment has

not passed. Section 108 specifically tolls the deadline for a creditor to take an action until 30 days after

the case is dismissed or the stay is lifted to pursue that action if the deadline had not passed before

the case was filed. The debtor's current case was filed long before the deadline to revive the judgment

had passed. Therefore, Blazer is correct and it will have 30 days after the case is closed or the stay is

lifted to pursue revival of the judgment.

## CONCLUSION

Based on the foregoing, the claim of Blazer is disallowed as a late filed claim for purposes of

receiving a distribution pursuant to the terms of the confirmed plan, and the claim of Blazer shall not

be discharged upon the debtor's completion of the plan.  A separate order will enter.

# # #